UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SISTERS OF ST. FRANCIS HEALTH SERVICES, INC., d/b/a ST. FRANCIS HOSPITAL MOORESVILLE , )<br><br>Plaintiff, )<br><br>vs. )<br><br>THE BOARD OF COMMISSIONERS OF MORGAN COUNTY, INDIANA, et al., )<br><br>Defendants. ) | 1:05-cv-0623-DFH-TAB |

## DISCOVERY ORDER

The parties appeared by counsel on September 27, 2005 for a telephonic status conference to address two discovery matters: (1) whether Plaintiff could discover the strategic plan of Defendant Morgan County Hospital; and (2) when Morgan County Hospital must produce its overdue privilege log. Argument was held, and the Court now orders the strategic plan and the privilege log produced by 5 p.m. September 29, 2005.

The Morgan County Hospital objected to producing its strategic plan on two bases. First, the hospital argued this plan is not reasonably calculated to lead to the discovery of admissible evidence. However, the Court agrees with the Plaintiff that such a strategic plan may contain information relevant to this matter, such as whether and to what extent the Morgan County Hospital and Morgan County acted with unanimity of interest in passing the challenged ordinance in violation of Section 1 of the Sherman Act. Therefore, Morgan County Hospital's

objection is overruled in this regard.  See Tomanovich v. Glen, 2002 WL 1858795 (S.D. Ind. 2002) ("The burden is on the party resisting discovery to clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal rules of discovery.")

Morgan County Hospital also argued that the strategic plans are protected from disclosure pursuant to Ind. Code § 16-22-3-28(e), which provides in relevant part, "A hospital [such as the Defendant] may hold confidential, until the information contained in the records is announced to the public, records of a proprietary nature that if revealed would place the hospital at a competitive disadvantage, such as ... [c]ompetitive marketing strategies regarding new services and locations."  The Morgan County Hospital stopped short or arguing that this statute would always prevent the disclosure of non-public strategic plans.  But even looking at this case in a vacuum, the statute does not prevent disclosure for discovery purposes because there has been no showing that the plans will be "revealed" and will "place the hospital in a competitive disadvantage."  Rather, Plaintiff seeks the strategic plan for a limited purpose pursuant to an existing protective order and pursuant to the "attorneys' eyes only" provisions of this protective order.  Given these limitations, Morgan County Hospital's reliance on the referenced statute is unpersuasive.  Accordingly, Morgan County Hospital's objection is overruled in this regard.  The hospital shall produce the strategic plan subject to the existing protective order.

As to the privilege log, Morgan County Hospital conceded that this log was overdue.  The issue is when the log must be produced.  Given that this matter is set for a final pretrial conference on October 3 and a bench trial on October 4, time is of the essence.

Accordingly, Morgan County Hospital shall produce the overdue privilege log no later than 5 p.m. September 29, 2005. Morgan County Hospital shall likewise produce the strategic plan by this time.

Dated: 09/27/2005

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Thomas A. Barnard
SOMMER BARNARD ATTORNEYS, PC
tbarnard@sommerbarnard.com

Dave C. Bromund
SOMMER BARNARD ATTORNEYS, PC
dbromund@sommerbarnard.com

Michael D. Chambers
SOMMER BARNARD ATTORNEYS, PC
mchambers@sommerbarnard.com

Joseph C. Chapelle
BARNES & THORNBURG LLP
joe.chapelle@btlaw.com

Mark Jason Crandley
BARNES & THORNBURG LLP
mcrandley@btlaw.com

John J. Miles
OBER KALER
jjmiles@ober.com

Kendall H. Millard
BARNES & THORNBURG LLP
kmillard@btlaw.com

Gayle A. Reindl
SOMMER BARNARD ATTORNEYS, PC
greindl@sommerbarnard.com

Steven C. Shockley
SOMMER BARNARD ATTORNEYS, PC
sshockley@sommerbarnard.com

Edward John Steren
OBER KALER GRIMES & SHRIVER
ejsteren@ober.com