UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| SISTERS OF ST. FRANCIS HEALTH SERVICES, INC., d/b/a ST. FRANCIS HOSPITAL MOORESVILLE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BOARD OF COMMISSIONERS OF MORGAN COUNTY, INDIANA, MORGAN COUNTY, INDIANA, and THE BOARD OF TRUSTEES OF MORGAN HOSPITAL & MEDICAL CENTER,<br><br>　　　　Defendants. | CASE NO. 1:05-cv-0623-DFH-TAB |

ORDER CERTIFYING CONSTITUTIONAL ISSUE TO UNITED STATES

Among the many claims in this case is one under the federal Religious Land Use and Institutionalized Persons Act, known as RLUIPA and codified at 42 U.S.C. § 2000cc *et seq.* On September 27, 2005, defendants filed their trial brief indicating that they intend to challenge the constitutional power of Congress to enact RLUIPA under both the Commerce Clause and the Fourteenth Amendment. Defendants have moved to certify this issue to the Attorney General of the United States and the United States Attorney for this district, pursuant to 28 U.S.C. § 2403 and Local Rule 24.1 of this district, and must give the United States an opportunity to intervene in the case to defend the constitutionality of the statute.

Such certification is mandatory under Section 2403, but the court must note concerns about timing. On August 5, 2005, the court entered a scheduling order consolidating the hearing on plaintiff's motion for a preliminary injunction and the trial on the merits, and setting the trial for October 4, 2005. In light of the pace of this litigation, the court has chosen not to rule on the defendants' several motions to dismiss and to take up the issues they present as part of the trial on the merits. As a result, defendants have not filed an answer in which they might have provided earlier notice of their intent to challenge the constitutional power of Congress to enact RLUIPA. Defendants' motion for certification states that they do not believe the constitutional question requires evidence. Defendants do not seek to continue the trial set for October 4th, just four business days from today.

The Seventh Circuit has noted that Section 2403(b) does not prescribe when the certification must be issued, and there is room for practical flexibility when litigation in the district court is moving quickly. *Dynamics Corp. of America v. CTS Corp.*, 794 F.2d 250, 259-60 (7th Cir. 1986), reversed on the merits, *CTS Corp. v. Dynamics Corp. of America*, 481 U.S. 69 (1987). In light of the number of issues before the court, it is far from clear whether this court will ever need to reach the constitutional issue. If the court does reach the issue, it might turn out that intervention at the appellate stage would be sufficient to protect the interests of the United States, as it was for the State of Indiana in the *CTS* litigation. 794 F.2d

at 260. However, the United States is of course entitled to make its own decision about whether to seek intervention and if so how best to present its views.

Accordingly, the court certifies to the Attorney General of the United States and to the United States Attorney for the Southern District of Indiana the question whether Congress exceeded its constitutional authority under the Commerce Clause or the Fourteenth Amendment by enacting the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc et seq. If the United States wishes to intervene pursuant to 28 U.S.C. § 2403, it should notify the court of its intention to do so as soon as possible, and in any event **no later than October 28, 2005** (30 days from today).

So ordered.

Date: September 28, 2005

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Honorable Alberto Gonzales
United States Attorney General
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530

Honorable Susan Brooks
United States Attorney for the
  Southern District of Indiana
OFFICE OF THE UNITED STATES ATTORNEY
10 West Market Street, Suite 2100
Indianapolis, Indiana  46204-3048

Thomas A. Barnard
SOMMER BARNARD ATTORNEYS, PC
tbarnard@sommerbarnard.com

Dave C. Bromund
SOMMER BARNARD ATTORNEYS, PC
dbromund@sommerbarnard.com

Michael D. Chambers
SOMMER BARNARD ATTORNEYS, PC
mchambers@sommerbarnard.com

Joseph C. Chapelle
BARNES & THORNBURG LLP
joe.chapelle@btlaw.com

Mark Jason Crandley
BARNES & THORNBURG LLP
mcrandley@btlaw.com

John J. Miles
OBER KALER
jjmiles@ober.com

Kendall H. Millard
BARNES & THORNBURG LLP
kmillard@btlaw.com

Gayle A. Reindl
SOMMER BARNARD ATTORNEYS, PC
greindl@sommerbarnard.com

Steven C. Shockley
SOMMER BARNARD ATTORNEYS, PC
sshockley@sommerbarnard.com

Edward John Steren
OBER KALER GRIMES & SHRIVER
ejsteren@ober.com